**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| Oscar Barajas, Plaintiff -vs- Bruno M. Stolc, Defendant. | CV-11-0933-PHX-SRB (JFM) |
|---|---|
| | **Report & Recommendation** **re Dismissal for Failure to Prosecute** |

The undersigned makes the following proposed findings of fact, report, and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

**Background** - In this case, default has been entered against the sole remaining defendant, Defendant D. Miner, a correctional officer a Red Rock Correctional Center. (Doc. 20, Entry of Default.) Miner was served on August 9, 2011. (Doc. 12.)

Plaintiff was given until November 22, 2011 to file a motion for default judgment or to show cause why the case should not be dismissed for failure to prosecute. (Doc. 19, Order 11/8/11.)

Plaintiff responded by filing a Motion to Compel Discovery (Doc. 22), and a Response (Doc. 23). Plaintiff complained that he was unfamiliar with default proceedings, and sought documents from the Arizona Department of Corrections to establish the merits of his claims. The Motion to Compel was denied on the basis that the sole remaining issue was the nature of a default judgment, and the requested discovery did not appear to relate to damages, and the Court construed the Response as a

1

motion to extend time to file a motion for a default judgment or otherwise respond to the order to show cause. Plaintiff was given an additional 14 days to respond, and was cautioned that failure to do so "will, in all likelihood be deemed a failure to prosecute, and is likely to result in dismissal." (Order 11/28/11, Doc. 24.)

To date, Plaintiff has not responded, and the time to do so expired on December 12, 2011.

**Failure to Prosecute**- Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc*., 587 F.2d 27, 29 (9th Cir. 1978). Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id*. at 633.

Here, Plaintiff has failed to timely comply with the Court's order to show cause, and has failed to pursue a default judgment against the sole remaining defendant who is in default, or to otherwise prosecute this action.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439,

1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction.  Thus the key factors are prejudice and availability of lesser sanctions."  *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case.  Plaintiff's failure to respond to the order to show cause or take other action to prosecute prevents the case from proceeding in the foreseeable future.  Plaintiff has repeatedly been pointed to Rule 55 and the default proceedings, but has failed to seek default judgment against Defendant Miner.  (*See* Order 10/3/11, Doc. 15; Order 10/18/11, Doc. 17; Order 11/8/11, Doc. 19; and Order 11/28/11, Doc. 24.)

The fourth factor, as always, weighs against dismissal.

The fifth factor requires the Court to consider whether a less drastic alternative is available.  The undersigned finds that only one less drastic sanction is realistically available.  Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies."  In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh.  The Complaint and this action should therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE RECOMMENDED** that the Complaint (Doc. 1) and this action be **DISMISSED WITHOUT PREJUDICE**.

//

//

3

**EFFECT OF RECOMMENDATION**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).


Dated: December 22, 2011

11-0933r RR 11 12 22 on OSC Dismiss.docx

James F. Metcalf
United States Magistrate Judge